UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-10440-GAO

ANNE M. OULTON,
Plaintiff,

v.

BRIGHAM & WOMEN'S HOSPITAL, INC.,
Defendant.

ORDER
December 30, 2014

O'TOOLE, D.J.

Anne Oulton brought this action against her former employer, Brigham & Women's Hospital ("BWH"). BWH moved to dismiss Oulton's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure, and this Court granted BWH's motion as to Oulton's claims for employment discrimination under Title VII and Massachusetts General Laws Chapter 151B and for retaliation under the Health Care Whistleblower Act (Counts One and Four, respectively, of her Complaint). Oulton subsequently filed a motion for reconsideration of that Order, which the Court denied. Oulton has now filed a second motion for reconsideration.

Motions for reconsideration under Rule 59(e) of the Federal Rules of Civil Procedure are granted sparingly. Marie v. Allied Home Mortgage Corp., 402 F.3d 1, 7 n.2 (1st Cir. 2005). To prevail, the moving party must "'either clearly establish a manifest error of law or must present newly discovered evidence.'" Id. (quoting Pamerleau v. W. Springfield Pub. Sch., 362 F.3d 143, 146 n.2 (1st Cir. 2004)). Oulton's most recent motion for reconsideration is based on what she contends is newly discovered evidence that emerged during discovery. However, much of the

cited evidence was factually alleged in the Complaint and the first motion for reconsideration. In any event, Oulton has not shown that the ruling on the motion to dismiss should be revised or reversed.

I.  **Discrimination under Title VII and M.G.L. Ch. 151B**

As to the plaintiff's claim for pregnancy- and gender-based discrimination, the Court determined that the only conduct alleged in the Complaint pertaining to the period before Oulton's maternity leave in 2009 was that she was not excused from intra-operative hyperthermic chemotherapy ("IOHC") procedures and that such conduct did not evidence disparate treatment because all perfusionists were expected to take part in these procedures. Oulton submits an email that her supervisor, Daniel Fitzgerald, sent in July 2008. Addressing the safety concerns surrounding IOHC cases, Fitzgerald remarked on "the double standard . . . for those who are pregnant or are planning to become pregnant." (Ex. 2 at 2 (dkt. no. 32-2).) He explained, "[I] agree that this standard should also apply to men. It is either safe for all or none." (Id.) Contrary to Oulton's assertions, this email is not evidence of discrimination. See Mackin v. City of Boston, 969 F.2d 1273, 1279 (1st Cir. 1992) ("[Appellants' evidence], fairly read, likely tell[s] a different story than appellants intend to convey."). Rather, Fitzgerald explains that male and female perfusionists should receive equal treatment when opting out of IOHC procedures due to health concerns.

However, the Court upheld her retaliation claims under Title VII and the Family Medical Leave Act, finding that the conduct alleged for the period following her maternity leave in 2010 could plausibly constitute an adverse employment action. The facts concerning her treatment after she returned from leave remain pertinent to those claims.

**II.     Health Care Whistleblower Act (M.G.L. ch. 149, § 187(b))**

The Court dismissed Oulton's claim under the Health Care Whistleblower Act, M.G.L. ch. 149 § 187(b), reasoning that the Act was designed to protect patients generally rather than healthcare employees such as Oulton. Oulton contends that BWH's Director of Occupational Health Service ("OHS") testified that by its internal guidelines BWH regards employees who contact OHS as patients, and, because Oulton had reached out to OHS regarding her health concerns, she is therefore a patient and so within the scope of the statute. However, a particular institution's interpretation of the meaning of "patient" is not dispositive of whether such employees are patients for purposes of the whistleblower statute. Moreover, an argument regarding the definition of "patient" under the Whistleblower Act is a legal issue that was available and that Oulton should have asserted in her opposition to BWH's motion to dismiss. Rule 59(e) is not a vehicle for "'advanc[ing] arguments that could and should have been presented to the district court prior to judgment.'" Tomon v. Entergy Nuclear Operations, Inc., No. 05-cv-12539-MLW, 2011 WL 3812708, at *1 (D. Mass. Aug. 25, 2011) (quoting United States v. Allen, 573 F.3d 42, 53 (1st Cir. 2009)).

**III.    Motion for Leave to File a Reply**

Lastly, Oulton seeks leave to file a reply to BWH's opposition to her motion for reconsideration. The issues have been adequately briefed over the original two motions for reconsideration. The motion to file a reply is denied.

## IV. Conclusion

For the foregoing reasons, the plaintiff's Renewed Motion (dkt. no. 32) for Relief from the Judgment of Dismissal of Counts I and IV and Motion (dkt. no. 40) for Leave to File a Reply are both DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge